Glenn R. Kantor - State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
DR. LISA JOSEPHSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LISA JOSEPHSON,<br><br>       Plaintiff,<br><br>vs.<br><br>UNUM GROUP and PROVIDENT LIFE INSURANCE COMPANY,<br><br>       Defendants. | **CASE NO.**<br><br>COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Dr. Lisa Josephson herein sets forth the allegations of her Complaint against Defendants, UMUN GROUP and Provident Life Insurance Company ("UNUM").

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant, Provident Life Insurance Company, is a corporation incorporated in Tennessee with its principle place of business in Tennessee. Defendant is authorized to transact and transacting

1
COMPLAINT

business in the Central District of California and can be found in the Central District of California.

4. The Defendant Unum Group is corporation existing under the laws of the State of Delaware, having a principal place of business at One Fountain Square, Hamilton County, Tennessee, and has a place of business at 1 Mercantile Square, Worcester, Worcester County, Massachusetts. Unum Group is an insurance holding company that controls the activities of its subsidiaries including Provident Life Insurance Company pursuant to a General Services Agreement and other documents governing the operation of Provident Life Insurance Company.

5. Plaintiff, Dr. Lisa Josephson, at the time of the purchase of the policy which is the subject of this action, was a resident and citizen of the County Los Angeles, State of California. Plaintiff is currently a resident of the County Los Angeles, State of California.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS UNUM GROUP AND PROVIDENT LIFE INSURANCE COMPANY FOR BREACH OF CONTRACT**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. Prior to 1992, Provident issued a policy of Individual Disability Income to Dr. Josephson. From 1992, through the present, Dr. Josephson, paid all premiums due to maintain the policy in full force and effect. The policy provided protection to Dr. Josephson in the event her medical condition(s) prevented her from being able to perform her own occupation of Emergency Room Physician.

8. During the over 27 year period of her policy being in force, Dr. Josephson had only three brief periods of disability, each of which were related to her giving birth to her children, and which were exacerbated by what UNUM determined was severe asthma. Dr. Josephson's condition as a severe asthmatic continues to the present.

9. In 2020, the COVID-19 pandemic hit California, and then the rest of the United States. Because of the nature of Dr. Josephson's own occupation as an emergency room physician, wherein she would come into constant contact with individuals infected with COVID-19, and due to her having severe asthma, Dr. Josephson consulted with her treating physician to determine if it was unsafe for her to continue to perform her own occupation. She was advised by her treating physician that the combination of the nature of her job, with her suffering from a severe case of asthma, was such that he deemed it unsafe for her to continue to perform her own occupation as an emergency room physician.

10. Dr. Josephson learned from her own research that The American College of Allergy, Asthma & Immunology (ACAAI) released a statement on March 12, 2020:

"Patients with severe asthma, immunodeficiency, and other chronic conditions where their immune system may be compromised are most susceptible to increased morbidity and mortality from viral infections in general, and we assume similar precautions should be recommended to these individuals for coronavirus."

The CDC similarly suggest that people with moderate to severe asthma have a higher risk of getting seriously ill from COVID-19. This is because coronavirus affects the upper and lower respiratory tracts, including the nose, throat, and lungs. The virus may trigger an asthma attack or lead to pneumonia or other acute respiratory diseases.

11. Based on the recommendations of her treating physician, and her own independent research, Dr. Josephson ceased working as an emergency room physician. She submitted a claim for disability benefits to UNUM and was assigned claim number 5205078959004.

12. On June 1, 2020, UNUM denied Dr. Josephson's claim on the alleged basis that her asthma was not of such a severe nature to place her in undue danger in the event she contracted COVID-19 from continuing her occupational duties.

However, Dr. Josephson is informed and believes, and thereupon alleges, that UNUM has made an across the board decision to deny all disability claims premised on the insured having a co-morbid condition which would cause a significantly higher risk of death if they were to contract COVID-19.

13. On June 22, 2020, Dr. Josephson appealed UNUM's decision to deny her benefit claim. She was advised that UNUM would reconsider its position and decide her appeal by August 31, 2020. However, as of September 9, 2020, Dr. Josephson has received no communications from UNUM reversing its initial denial, and as such she believes the initial decision to deny her claim has been affirmed by UNUM.

14. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed. As a direct and proximate result of Defendant's improper determination regarding the Plaintiff's entitlement to disability benefits, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. The denial of the benefits constitutes a breach of the insurance contract between UNUM and the Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANTS UNUM GROUP AND PROVIDENT LIFE INSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

16. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

   (a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said disability benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim;

(e) Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(e) Unreasonably taking advantage of Plaintiff's status as a disabled senior citizen;

(f) Improperly underpaying Plaintiff's benefits without adequate notice, and without first having completed a full and fair investigation of her Earned Income as that phrase is utilized by her policy; and

(g) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the Policy to further discourage Plaintiff from pursuing her full policy benefits.

17. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

18. As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

19. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damages

and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

20. As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

21. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

22. Defendant's conduct in wrongfully denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, and assets essential to her health and welfare. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $200,000.00, plus interest, including pre-judgment interest.

2. General damages for mental and emotional distress and other incidental damages in the sum of $250,000.00.

3. Punitive and exemplary damages in an amount in excess of $3,000,000.00.

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED: September 9, 2020                           KANTOR & KANTOR, LLP

                                                   By:    */s/ Glenn R. Kantor*
                                                          Glenn R. Kantor
                                                          Attorneys for Plaintiff
                                                          DR. LISA JOSEPHSON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: September 9, 2020                           KANTOR & KANTOR, LLP

                                                   By:    */s/ Glenn R. Kantor*
                                                          Glenn R. Kantor
                                                          Attorneys for Plaintiff
                                                          DR. LISA JOSEPHSON